J-S48022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL GABRIEL ORTIZ | : | |
| | : | |
| Appellant | : | No. 1241 EDA 2020 |

Appeal from the PCRA Order Entered June 3, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000060-2007,
CP-48-CR-0003401-2007, CP-48-CR-0003402-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL GABRIEL ORTIZ | : | |
| | : | |
| Appellant | : | No. 1242 EDA 2020 |

Appeal from the PCRA Order Entered June 3, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0000060-2007,
CP-48-CR-0003401-2007, CP-48-CR-0003402-2007

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL GABRIEL ORTIZ | : | |
| | : | |
| Appellant | : | No. 1243 EDA 2020 |

J-S48022-20

Appeal from the PCRA Order Entered June 3, 2020
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000060-2007,
CP-48-CR-0003401-2007, CP-48-CR-0003402-2007

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    **FILED: FEBRUARY 22, 2021**

Appellant, Angel Gabriel Ortiz, appeals *pro se* from the order entered in

the Northampton County Court of Common Pleas, which dismissed as untimely

his serial petition filed under the Post Conviction Relief Act ("PCRA").[1]   We

affirm.

The relevant facts and procedural history of this case are as follows:

> On March 27, 2009, [Appellant] was sentenced to an
> aggregate period of incarceration of 3-12 years, after
> pleading guilty under the above docket numbers.
> Specifically, in Docket No. 60-2007, [Appellant] pled guilty
> to [attempted] indecent assault of a minor under the age of
> 13 and was given a standard range sentence of 16-60
> months.  In Docket No. 3401-2007, [Appellant] pled guilty
> to corruption of minors and was sentenced to a standard
> range sentence of 16-60 months.  In Docket … No. 3402-
> 2007, [Appellant] was sentenced to 4-24 months for
> resisting arrest.  The sentences were run consecutive to
> each other to achieve the aggregate sentence of 3-12 years.
>
> Both convictions for [the sex offenses] against minor victims
> involved different adolescent girls.
>
> [Appellant] filed a direct appeal which was discontinued with
> the Superior Court on June [16], 2010.
>
> Thereafter, [Appellant] filed his first PCRA on July 27, 2010.
> After a hearing, [the PCRA court] issued [its] order denying

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 2 -

PCRA relief on November 18, 2010. [Appellant] filed an appeal to the Superior Court. On [December 9, 2011, the] order denying PCRA relief was affirmed.

[Appellant] filed a second PCRA on November 6, 2013. [The PCRA court] entered an order dismissing the PCRA without a hearing on December [2, 2013]. [Appellant] filed an appeal which resulted in an order entered by the Superior Court on [July 11], 2014, affirming [the PCRA court's] denial of the second PCRA.

[Appellant] filed his third PCRA on July 16, 2018, raising an ineffective assistance of counsel claim alleging that counsel failed to "protect" [Appellant] at sentencing. On August 2, 2018, [the PCRA court] entered [its] order of court with notice of intent to dismiss without a hearing.

Now comes [Appellant] with a fourth petition for post-conviction relief, this time styled as a motion for modification and correction of an illegal sentence, which [the court] recognized as a [PCRA petition]. This most recent petition was filed on April 20, 2020. In the body of the Petition, [Appellant] cites **Alleyne v. United States**, 133 S.Ct. 2151 (2013) for the bald claim that "[Appellant's] factor which placed him [subject to the] sentencing statute of 18 Pa.C.S.A. § 3126 and [18] Pa.C.S.A. § 5104 was not included in the initial indictment, nor were these factors raised in front of a jury, or trial court, to be deliberated on guilt or innocence. Violating [Appellant's] Sixth Amendment right to a fair trial and Fourteenth Amendment right to due process of the law…."

(PCRA Court Opinion, filed June 3, 2020, at 1-3) (some capitalization omitted).

On May 12, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Appellant filed a *pro se* response on May 28, 2020, but the court dismissed the petition on June 3, 2020. On June 11, 2020, Appellant timely filed *pro se* notices of appeal at

each underlying docket number.[2]  The court ordered Appellant to file a Pa.R.A.P 1925(b) concise statement of errors complained on appeal on June 12, 2020, and Appellant timely complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite.  *Commonwealth v. Zeigler*, 148 A.3d 849 (Pa.Super. 2016).  A PCRA petition shall be filed within one year of the date the underlying

---

[2] The certified record includes three separate notices of appeal, with each notice listing the three trial court docket numbers at issue.  On each notice of appeal, a different trial court docket number is highlighted.  One notice of appeal contains Appellant's signature, as well as a time stamp, in blue ink. The other two notices of appeal appear to be copies of the original.  On June 30, 2020, the Northampton County Clerk of Courts sent the notices of appeal to this Court's Prothonotary, who immediately docketed the three appeals. This Court consolidated the appeals *sua sponte* on October 14, 2020, and we did not issue a rule to show cause order for any further clarification regarding the filing of the notices of appeal.

In its brief, the Commonwealth indicates "it would be within the Court's discretion to quash this matter based on *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018) … [where] Appellant filed one notice of appeal listing all three docket numbers[.]"  (Commonwealth's Brief at 3 n.6).  While it is possible that Appellant actually filed one notice of appeal that was time-stamped and photocopied by the clerk of courts' office, the record is silent regarding the exact circumstances surrounding the filings.  *Compare Commonwealth v. Creese*, 216 A.3d 1142 (Pa.Super. 2019) (quashing appeal where appellant's attorney admitted to filing only one notice of appeal in violation of *Walker*).  Absent more information, and in an abundance of caution, we decline the Commonwealth's invitation to quash the instant appeal.  *See Commonwealth v. Johnson*, 236 A.3d 63 (Pa.Super. 2020) (*en banc*) (declining to quash appeal where counsel filed separate notices of appeal for each trial court docket number; citing other recent case law partially overruling *Creese* to extent that it interpreted *Walker* as requiring this Court to quash appeal where appellant files multiple notices of appeal, and each notice lists more than one underlying trial court docket number).

judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must also file a petition within the required statutory window. 42 Pa.C.S.A § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final in 2010 when he discontinued his direct appeal. Appellant filed the current petition on April 20, 2020, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Significantly, Appellant failed to plead and prove any exception to the PCRA time-bar.[3] Thus, his petition remains time-barred. Accordingly, we affirm.

Order affirmed.

---

[3] This Court cannot review a challenge to the legality of a sentence raised in an untimely PCRA petition. *See Commonwealth v. Fowler*, 930 A.2d 586, 592 (Pa.Super. 2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008) (stating: "[A]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/21